IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



KNOLL PHARMACEUTICAL CO., )
)
Plaintiff, )
)
v. ) No. 04 C 6969
)
GREAT AMERICAN ASSURANCE )
COMPANY, et al., )
)
Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Federal Insurance Company's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) or in the alternative to strike portions of the complaint. This matter is also before the court on Defendant Westchester Fire Insurance Company's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) or in the alternative to strike portions of the complaint. For the reasons stated below, we grant Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and deny all other pending motions as moot.

1

## BACKGROUND

Plaintiff Knoll Pharmaceutical Co. ("Knoll") alleges that certain insurance policies ("Policies") were issued to Boots Pharmaceuticals, Inc. ("Boots") by Defendants. Knoll alleges that subsequently Boots merged into Knoll and that Knoll became the policy holder under the Policies. According to Knoll, its parent company, BASF AG ("BASF") sold Knoll to Abbott Laboratories ("Abbott"), but BASF retained its interest in the Policies. Boots was named as a defendant in over 70 underlying class action lawsuits which Knoll contends involved over $134 million that was paid by Knoll as part of a court-approved settlement. Knoll claims that, pursuant to the Policies, Knoll was entitled to a defense and indemnification by Defendants in regards to the underlying actions. Knoll brought the instant action and has included in its complaint a claim against all Defendants seeking a declaratory judgment (Count I), a breach of contract claim against all Defendants (Count II), and a claim seeking attorneys fees, costs, and other statutory relief (Count III).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). If the concern of the court or party challenging subject matter jurisdiction is that "subject matter jurisdiction is not

evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *Id.; see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff."). However, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, "but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus, Ltd.*, 322 F.3d at 946. For the purpose of determining subject matter jurisdiction, this court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists."*Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp*, 999 F.2d 188, 191 (7th Cir. 1993)). The burden of proof in regards to a Rule 12(b)(1) motion is "on the party asserting jurisdiction." *United Phosphorus, Ltd.*, 322 F.3d at 946.

## DISCUSSION

Defendants argue that Knoll has failed to meet its burden of showing that this court has subject matter jurisdiction in the instant action. Knoll alleges in its

complaint that "[t]his court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332." (Compl. Par. 19). The party seeking to invoke the court's jurisdiction bears the burden of showing that subject matter jurisdiction exists.*See NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir.1995)(stating that "[t]he party invoking federal jurisdiction bears the burden of establishing the elements of jurisdiction."). Diversity jurisdiction exists if "the matter in controversy exceeds the sum or value of $75,000" and the action is "between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a). For the purposes of diversity of citizenship "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . . . ." 28 U.S.C. § 1332(c)(1). According to the Seventh Circuit, a corporation's principal place of business is deemed the "place where the corporation has its nerve center." *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993).

Defendants have correctly pointed out in their motions to dismiss that Knoll has provided only vague allegations regarding the citizenship of the parties. Knoll refers to itself as "a New Jersey corporation," (Compl. Par. 8), and to BASF, who Knoll claims is the real party in interest in this action, as "a German corporation." (Compl. Par. 10). We cannot properly determine whether there is diversity jurisdiction based upon such allegations which do not specify the State of incorporation or principal place of business of the corporate parties referred to in the complaint. Despite the fact that Defendants pointed this jurisdictional pleading

deficiency out in their motions to dismiss, Knoll has made no effort to address the issue or to correct or supplement its jurisdictional allegations. Instead, Knoll criticizes Defendants for raising the jurisdictional issue and refers to Defendants' arguments as "unsupported attacks on jurisdiction." (Ans. 3). Knoll ignores the issue of citizenship and proceeds onward in its answer to address other issues presented by Defendants. However, we shall not bypass the analysis of the citizenship of the parties in this action. *See Belleville Catering Co. v. Champaign Market Place, L.L.C*, 350 F.3d 691, 692-94 (7th Cir.2003)(stating that the "first duty in every case" in federal district court for a judge is to "independently" determine whether or not the court has subject matter jurisdiction.).

Defendants have properly brought to the court's attention Knoll's casual treatment of the citizenship issue. The diversity requirements for subject matter jurisdiction are not mere legal formalities from a bygone age. The subject matter requirements remain today a threshold requirement to proceed in federal court. 28 U.S.C. § 1331; 28 U.S.C. § 1332(a). Knoll, as the plaintiff, had a burden to provide facts showing that the court has subject matter jurisdiction. Fed. R. Civ. P. 8(a)(1); *See NLFC, Inc.*, 45 F.3d at 237. Knoll did not provide sufficient jurisdictional allegations in its complaint and therefore, we grant Defendants' motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*, 37 F.3d 363, 366 n.3 (7th Cir. 1994)(stating that since the plaintiff "failed to plead the principal place of business of the parties,

the district court should have either independently established that this jurisdictional requirement was satisfied or dismissed the petition for lack of jurisdiction.").

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss for lack of subject matter jurisdiction. All other pending motions are denied as moot.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 5, 2005