# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BASF AG, | ) |
|         Plaintiff, | ) |
| v. | )   No. 04 C 6969 |
| GREAT AMERICAN ASSURANCE COMPANY, et al., | ) |
|         Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the parties' motions to compel and agreed motion for the extension of discovery deadlines. For the reasons stated below, we grant in part and deny in part the motions to compel and grant the motion for an extension of discovery solely for the completion of the specified depositions.

## BACKGROUND

Plaintiff BASF AG ("BASF") alleges that certain primary insurance policies and umbrella insurance policies ("Policies") were issued to Boots Pharmaceuticals, Inc. ("Boots") by Defendants. BASF alleges that Boots subsequently merged into Knoll Pharmaceutical Co. ("Knoll"), and that Knoll became the policy holder under

1

the Policies. Knoll's parent company, BASF, then sold Knoll to Abbott Laboratories ("Abbott"), but BASF allegedly retained its interest in the Policies under the purchase agreement ("Purchase Agreement") between BASF and Abbott. Boots was named as a defendant in over 70 underlying class action lawsuits ("Synthroid Marketing Litigation"), which BASF contends involved over $134 million that was paid by Knoll as part of a court-approved settlement. BASF claims that, pursuant to the Policies, Knoll was entitled to a defense and indemnification by Defendants in the underlying actions. BASF brought the instant action asserting its assigned rights under the Policies, and has included in its complaint a claim requesting a declaratory judgment against all Defendants (Count I), a breach of contract claim against all Defendants (Count II), and a claim seeking attorneys' fees, costs, and other statutory relief (Count III).

## DISCUSSION

I. BASF's Motions to Compel

BASF requests that the court order Defendants to produce documents relating to Defendants' underwriting and claims manuals, and materials relating to the drafting, development, and interpretation of the Policies. Defendants contend that such information is irrelevant because the Policies are unambiguous. However, no such ruling has been made by the court regarding the ambiguity of the Policies.

Simply because information sought in discovery may eventually be excluded by the court at some point during the proceedings does not mean that the information is not relevant information that may be obtained during discovery. Defendants improperly assume that the court will rule at the summary judgment stage that the Polices are unambiguous. However, if the court refuses BASF's current request for extrinsic evidence, but the court eventually rules that the Policies are ambiguous, it would result in the delay of the case to allow for additional discovery relating to extrinsic evidence. Therefore, we grant BASF's motion for the production of Defendants' underwriting and claims manuals, and materials relating to the drafting, development, and interpretation of the Policies.

BASF also requests that the court order Defendants to produce documents relating to reinsurance coverage. We agree with Defendants that any reinsurance coverage that Defendants have involves relationships that are not relevant to the instant action and, thus, are not discoverable absent a compelling reason for their production. BASF's request is too far afield and is not focused on relevant documents, and BASF has not shown that such documents should be discoverable. Therefore, we deny BASF's motion for the production of reinsurance documents.

BASF further requests that the court order Defendants to produce documents and information concerning Defendants' applicable reserves and the setting of those reserves. Such documents and information could reveal the date on which Defendants had notice of the claims at issue and we accordingly agree with BASF

that the documents fall within the broad scope of relevant materials. Therefore, we grant the motion for the production of documents and information concerning Defendants' applicable reserves and the setting of those reserves.

BASF requests that the court order Defendants to produce documents and information concerning Defendants' handling of and response to other advertising or personal injury claims involving allegations of disparagement. Such a request is overly broad and would be unduly burdensome on Defendants. Therefore, we deny BASF's request for documents and information concerning Defendants' handling of and response to other advertising or personal injury claims involving allegations of disparagement.

Finally, BASF requests that Defendants produce certain witnesses for deposition in January 2006, beyond the December 30, 2005, discovery deadline. Defendants have agreed to produce the individuals. Defendants also seek the deposition of some individuals BASF has agreed to produce in January 2006. We shall allow the depositions to proceed and extend discovery to February 1, 2006, solely for the purposes of taking the depositions of the individuals mentioned in BASF's motion to compel and in Defendants' most recent filing with the court. Accordingly, the dispositive motions dates previously set are stricken. Dispositive motions will be due by February 22, 2006. The answers will be due on March 1, 2006, and the replies will be due on March 8, 2006.

## II. Defendants' Motion to Compel

Defendants request that the court order BASF to produce all legal department and risk-management department documents in connection with the Synthroid Marketing Litigation, although Defendants have clarified in their most recent brief that they are not requesting privileged documents such as those related to coverage analysis. BASF states that it has already produced some documents and agrees to produce any of the other requested documents when the documents are located. Therefore, the motion to compel the production of all legal department and risk management department documents relating to the Synthroid Marketing Litigation is denied as moot.

Defendants also request that the court order BASF to provide Defendants with access to a document repository that contains millions of discovery documents from the Synthroid Marketing Litigation. Defendants acknowledge that they have been provided with an index of the repository and that BASF has asked Defendants to indicate which specific documents are required. We agree with BASF that our prior ruling on BASF's motion for a protective order resolved this issue in favor of BASF. Defendants are not permitted to re-litigate every fact in the underlying case and are not entitled to engage in a fishing expedition in the document repository. Therefore, the motion to permit access to the document repository is denied.

Defendants request that the court order BASF to produce the meeting minutes of BASF's board and management meeting, in which the Synthroid Marketing

Litigation was discussed. The request is overly broad and is therefore improper. Therefore, we deny Defendants' motion for the production of the meeting minutes.

Defendants also request that the court order BASF to produce all communications that it had with brokers and insurers regarding the Synthroid Marketing Litigation. This request is overly broad and unduly burdensome on BASF. Therefore, we deny the motion for the production of all communications with brokers and insurers regarding the Synthroid Marketing Litigation.

Defendants request that the court order BASF to produce depositions or witness statements from the underlying Synthroid Marketing Litigation. Defendants have not shown that such materials would be relevant and the request is overly broad. Therefore, we deny the motion for the production of depositions or witness statements from the underlying Synthroid Marketing Litigation.

Defendants further request that the court order BASF to produce its primary carrier litigation documents in connection with the litigation between BASF and its primary general liability insurers that are relevant to these claims. BASF has not provided a valid basis for its refusal to produce the documents and we, therefore, grant Defendants' motion for the production of BASF's primary carrier litigation documents in connection with the litigation between BASF and its primary general liability insurers to the extent that they are relevant to these claims.

Defendants request that the court order BASF to respond to Defendant Federal Insurance Co.'s ("Federal") interrogatory numbers 3 and 4, which ask BASF to

identify the amounts billed to and paid by BASF in the Synthroid Marketing Litigation that are related solely to BASF's response to the Third-Party Payor claims. BASF indicates that it had provided all of the information that it has in regard to interrogatory number 4. However, BASF has not provided a valid basis for its refusal to respond to interrogatory number 3. Therefore, we order BASF to respond to Federal's interrogatory number 3 and deny as moot Defendants' request that BASF respond to number 4.

Defendants also request that the court order BASF to respond to Federal's interrogatory numbers 6 and 8, in which Defendants ask BASF to identify all persons with knowledge of a certain provision of the purchase agreement between BASF and Abbott. This request is overly broad and unduly burdensome on BASF. Therefore, we deny Defendants' request for a response to Federal's interrogatory numbers 6 and 8.

Defendants request that the court order BASF to respond to Defendant Westchester Fire Insurance Co.'s ("Westchester") interrogatory number 1, in which Westchester requests that BASF identify all persons with knowledge supporting BASF's allegation that the conditions precedent to recovery under the Defendants' policies have been waived. This request is overly broad and unduly burdensome on BASF, and thus we deny the motion requesting a response to Westchester's interrogatory number 1.

Defendants request that the court order BASF to respond to Defendant Great

American Assurance Co.'s ("Great American") interrogatory numbers 3 and 4, which request BASF to identify the competitors referred to in the amended complaint that were allegedly disparaged. BASF has not provided a valid basis for the refusal to provide the requested information. Therefore, we order BASF to respond to Great American's interrogatory numbers 3 and 4.

## CONCLUSION

Based on the foregoing analysis, we grant BASF's motion for the production of Defendants' underwriting and claims manuals, materials relating to the drafting, development and interpretation of the Policies, and grant BASF's motion for the production of documents and information concerning Defendants' applicable reserves and the setting of those reserves. We deny BASF's motion for the production of reinsurance documents and deny BASF's request for documents and information concerning Defendants' handling of and response to other advertising or personal injury claims involving allegations of disparagement.

We also deny as moot Defendants' request for the production of all legal department and risk management department documents relating to the Synthroid Marketing Litigation. We grant Defendants' motion for the production of BASF's primary carrier litigation documents in connection with the litigation between BASF and its primary general liability insurers to the extent that they are relevant to these claims. We deny Defendants' motion for the production of the meeting minutes,

deny Defendants' request for access to the document repository, and deny Defendants' request for the production of all communication with brokers and insurers regarding the Synthroid Marketing Litigation. We also deny Defendants' request for the production of depositions or witness statements from the underlying Synthroid Marketing Litigation.

In addition, we order BASF to respond to Federal's interrogatory number 3 and deny as moot Defendants' request for BASF to respond to number 4. We deny Defendants' request for a response to Federal's interrogatory numbers 6 and 8 and we deny Defendants' request for a response to Westchester's interrogatory number 1. We also order BASF to respond to Great American's interrogatory numbers 3 and 4.

Finally, we also extend discovery to February 1, 2006, solely for the purposes of taking the depositions of the individuals mentioned in BASF's motion to compel and Defendants' most recent filing with the court, which are scheduled to take place in January 2006. The dispositive motions dates previously set are stricken. Dispositive motions will be due by February 22, 2006. The answers will be due on March 1, 2006, and the replies will be due on March 8, 2006. The status hearing set for January 10, 2006, is stricken and reset to April 4, 2006, at 9:00 a.m.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: December 16, 2005