IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BASF AG,

    Plaintiff,

v.      No. 04 C 6969

GREAT AMERICAN ASSURANCE
COMPANY, et al.,

    Defendants.

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Federal Insurance Company's ("Federal") bill of costs, Defendant Great American Assurance Company's ("Great American") amended bill of costs, and Defendant Westchester Fire Insurance Company's ("Westchester") amended bills of costs. For the reasons stated below, we grant in part and deny in part the bills of costs.

## BACKGROUND

On August 4, 2008, we entered judgment in favor of Defendants. Defendants subsequently filed bills of costs pursuant to Federal Rule of Civil Procedure 54(d)

1

("Rule 54(d)").  Great American and Westchester then filed amended bills of costs.  Federal seeks $853,083.37 in costs, Great American seeks $264,444.59 in costs, and Westchester seeks $578,693.06 in costs.  Plaintiff BASF AG ("BASF") opposes the requests for costs and has filed a consolidated opposition to the bills of costs.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides that the prevailing party shall be allowed to recover costs other than attorneys' fees, unless a statute or other rule states otherwise, or the court specifically disallows such costs.  Fed. R. Civ. P. 54(d); *see also* 28 U.S.C. § 1920 (setting forth costs that are generally recoverable).  The Seventh Circuit has made it clear that when reviewing a bill of costs, a district court should keep in mind that "[t]here is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005); *see also Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997)(stating that "[t]he presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined").  In addition to making sure that requested costs are recoverable, a district court must also ensure that the costs are reasonable.  *See*

*Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000)(stating that "[t]axing costs against a losing party requires two inquiries: (1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable").

## DISCUSSION

I. Denial of Bills of Costs in their Entirety.

BASF argues that the court should deny the bills of costs in their entirety given the special circumstances in this case. BASF argues that it asserted its claims in good faith and the "circumstances evidence the underlying strength and merit to BASF's claims." (P Ans. 5). BASF argues that it would be unfair to award costs to Defendants. (P Ans. 5). BASF further argues that to award the significant amount of costs that Defendants seek would discourage future plaintiffs from bringing suits. BASF, in support of its argument, cites *Republic Tobacco Co. v. North Atlantic Trading Co., Inc.*, 481 F.3d 442 (7th Cir. 2007) for the proposition that a court has discretion to deny costs where there is a default award. (Ans. 4). However, there was not a default award in the instant action, and although the court has discretion in awarding costs, the presumptions mentioned above are still applicable as well. The Seventh Circuit has stated that this court's "discretion is 'narrowly confined' because

3

of the strong presumption created by Rule 54(d) that the prevailing party will recover costs." *Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997). In general, "'only misconduct by the prevailing party worthy of a penalty . . . or the losing party's inability to pay will suffice to justify denying costs.'" *Id.* (quoting *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988)). BASF has failed to point to any such special circumstances or that Defendants caused an unreasonable delay in this case or engaged in other misconduct that would suffice to overcome the presumption in favor of awarding costs.

BASF also cites *Rawson v. Sears, Roebuck & Co.*, 678 F.Supp. 820 (D. Colo. 1988) for the proposition that special circumstances would justify the denial of an award of costs. (Ans. 4). However, BASF has not pointed to special circumstances in the instant action that would warrant such a denial. In *Rawson* the court also found that due to the plaintiff's fixed income of less than $1,000 per month, the plaintiff would be unable to pay the anticipated costs. 678 F.Supp. at 823. In contrast, in the instant action there has been no showing by BASF that it is unable to pay the costs. Furthermore, *Rawson* is not controlling precedent and there is controlling Seventh Circuit precedent, as indicated above, specifically addressing the presumption in favor of awarding costs.

BASF also cites *Union Industrielle Et Maritime v. Nimpex Intern., Inc.*, 459 F.2d 926, 931 (7th Cir. 1972) for the proposition that a showing of good faith on the part of the losing party is sufficient to warrant a denial of costs. (Ans. 4). However, as indicated above, more recent Seventh Circuit precedent since 1972 has emphasized the presumption in favor of awarding costs as provided in Rule 54(d). The Seventh Circuit has specifically stated that "[m]ore than just a showing of good faith is necessary to immunize the losing party from paying costs." *Muslin v. Frelinghuysen Livestock Managers, Inc.*, 777 F.2d 1230, 1236 (7th Cir. 1985); *see also Gardner v. S. Ry. Sys.*, 675 F.2d 949, 954 (7th Cir. 1982)(stating that the losing party's burden requires "something more than mere good faith on its part"). This conclusion is consistent with Rule 54(d), which provides that "costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Thus, it is not sufficient that BASF may have proceeded in good faith to warrant denying costs. BASF also argues that to award such costs to Defendants would discourage litigants from filing actions. However, Rule 54(d) provides for the award of costs to the prevailing party and 28 U.S.C. § 1920 provides the list of recoverable costs. This court cannot disregard such controlling law merely based on BASF's policy argument concerning the cumulative effects of such law. Thus, BASF's requests to deny the bills of costs in their entirety, is denied.

II. Federal's Bill of Costs

Federal requests $853,083.37 in costs. BASF argues in the event that the court denies BASF's request to deny the bills of costs in their entirety, which this court has done, then in the alternative, Federal's award for costs relating to appellate bond premiums should be reduced by $404,307.67 and that Federal's award for trial-related costs should be reduced by $9,163.51. In BASF's alternative argument, BASF therefore has not contested the appropriateness of the remaining $439,612.19 requested by Federal. In regards to the $439,612.19 in costs, which is uncontested by BASF as indicated above, Federal has provided sufficient documentation concerning the costs, and we find the costs to be recoverable and reasonable. We will discuss the contested amounts below.

    A. Appellate Bond Costs

BASF argues that Federal's award for costs of $808,615.34 relating to appellate bond premiums should be reduced by $404,307.67. BASF argues that it would be unfair to tax BASF for costs requested by Federal relating to the appellate bond premiums paid by Defendants. The Seventh Circuit has specifically held that since Federal Rule of Appellate Procedure 39 ("Rule 39"), which provides compensation for appellate bond premiums, was passed after 28 U.S.C. § 1920,

which sets forth the categories of costs that are generally recoverable and does not mention bond premiums, the conflict is resolved in favor of Rule 39, the Federal Rule. *Republic Tobacco*, 481 F.3d at 448 (holding that bond premiums for appellate bonds are taxable costs under 28 U.S.C. § 1920, stating that "because [Federal Rule of Appellate Procedure] Rule 39(e) expressly authorizes the taxation of supersedeas bond costs, it is binding on district courts regardless of whether [18 U.S.C.] § 1920 authorizes an award of those costs").

BASF also contends that Defendants procured the appellate bonds without being required to do so by the Seventh Circuit. BASF contends that Defendants could have pursued a less costly alternative. However, BASF has failed to cite any controlling precedent that provides that a court could decline to award such appellate costs based on the availability of less costly alternatives. Also, in general, an award of costs under Rule 54(d) is not based on what would have been the most economical means for a prevailing party to pursue its case. *Majeske*, 218 F.3d at 825. Although costs are not recoverable when incurred solely for convenience, a party is entitled to prepare its case as it deems necessary and the main question for a court viewing such expenditures in hindsight is what expenses were reasonable, not what would have been the cheapest manner in which to prosecute or defend the case. *Id.*; *see also, e.g., M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir.

7

1991)(stating that for deposition costs "the determination of necessity must be made in light of facts known at the time of the deposition, and the introduction of a deposition at trial is not a prerequisite for finding that it was necessary to take the deposition"). Defendants also present evidence showing that BASF's counsel, Tom Lidbury ("Lidbury"), expressly rejected Federal's less costly proposal to use a bond posted by Federal's surety department. (Reply Ex. A). Defendants also present evidence that shows that as an alternative, Federal then suggested a bond posted by an affiliate and Lidbury rejected this proposal as well. (Reply Ex. B). BASF has not shown that the costs incurred by Federal in regards to the appellate bonds were unreasonable.

BASF also contends that Defendants' conduct caused an excessive duration of the appeal, which unreasonably increased the costs for appellate bonds. BASF argues that the appeal took 21 months, which BASF contends is nearly double the median time for the resolution of appeals before the Seventh Circuit. BASF contends that Defendants delayed the resolution of the appeal by filing post-trial motions with this court, and thereby delaying the filing of their notices of appeal. BASF also contends that Defendants were provided with extensions by the Seventh Circuit for the filing of appellate briefs. However, BASF fails to point to any deadline violated by Defendants that was set by statute, this court, or the Seventh

Circuit. BASF points to nothing that shows that Defendants acted beyond their rights under the law. As indicated above, Defendants were entitled to pursue their case as they deemed appropriate, within the confines of the pertinent legal rules. Defendants argue that their post-trial motions were filed in good faith and not intended to delay the appeal process, and Defendants point out that BASF also requested extensions for the filing of appellate briefs. The fact that BASF believes that Defendants could have forgone filing certain motions and could have filed certain materials sooner is not sufficient to show that Defendants delayed the instant proceedings in an unreasonable manner. Federal has provided sufficient documentation for its costs relating to the appellate bonds and Federal has shown that such costs are recoverable and reasonable. Thus, we find that Federal can recover the contested costs of $404,307.67 for premiums on appellate bonds, in addition to the uncontested costs as indicated above.

### B. Costs Relating to Witnesses

BASF objects to $1,892.90 sought by Federal for the service fees related to witnesses that BASF contends were barred by a protective order. BASF also objects to $2,181.30 for costs relating to the depositions of certain witnesses. BASF further objects to $2,933.15 for deposition costs relating to the depositions of Defendants'

9

withdrawn expert witnesses and $521.29 in expenses relating to the expert witnesses. Federal contends that in regards to the lay witnesses, at the time such costs were incurred, the court had not yet barred discovery relating to the witnesses. Likewise, Federal has explained why its experts were necessary and reasonable at the time of their depositions. Federal also argues that it reasonably believed that the discovery in question was necessary because the duty to indemnify was at issue, and under Illinois law this issue turns on the facts of the underlying claim, and thus the underlying case was part of their necessary discovery. The Seventh Circuit has made "it clear that the presumption that the prevailing party is entitled to costs can only be overcome by the unsuccessful party's showing that the prevailing party should be penalized by a denial of costs." *Popeil Bros., Inc. v. Schick Elec., Inc.*, 516 F.2d 772, 775-76 (7th Cir. 1975). The focus of the inquiry for a bill of costs is on whether the costs for a deposition were "'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court." *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 455 (7th Cir. 1998)(quoting *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995)). Federal has explained why it incurred the costs in relation to the witnesses in question and has provided a reasonable basis for the costs relating to the depositions. BASF cannot dictate to Federal how it should have properly defended its case. Federal has provided sufficient documentation

concerning the $7,528.64 in costs and we find that the costs are recoverable and are reasonable.

   C.  Additional Witness Fees

BASF objects to the following fees relating to Federal's witnesses: (1) $375 for 15 Min-U-Scripts, (2) $450 for Administrative Fees, (3) $105 for 3 E-Transcripts, (4) $373.50 for ASCII expenses in relation to other witnesses, (5) $255.35 for the portion of the service fees claimed for subpoenas of witnesses, which exceeded the maximum allowable $40 service fee per subpoena, and (6) $76.02 for charges for photocopying deposition transcripts.  Costs related to materials such as Min-U-Scripts, ASCII diskettes, and administrative fees are generally not recoverable unless the movant shows that they were reasonably necessary for the litigation. *See Vito & Nick's, Inc. v. Barraco*, 2008 WL 4594347, at *3 (N.D. Ill. 2008)(stating that ASCII diskettes are generally not recoverable unless "reasonably necessary for litigation"); *Bosch v. Ball-Kell*, 2007 WL 2994085, at *2 (C.D. Ill. 2007)(stating that administrative fees and ASCII diskette costs are generally not recoverable); *Spears v. Local No. 134, Intern. Broth. of Elec. Workers*, 2006 WL 2349975, at *2 (N.D. Ill. 2006)(stating that Min-U-Scripts are generally not recoverable unless necessary). Federal has offered only vague explanations concerning why such costs were

necessary and reasonable and therefore, we decline to award Federal such costs totaling $1,634.87.

Based on the above, we award Federal the uncontested $439,612.19 in costs. We also award Federal the $404,307.67 relating to appellate bond premiums, which was contested. We also award Federal $7,528.64 in trial-related costs. The total award to Federal in costs is $851,448.50.

III. Great American's Amended Bill of Costs

Great American requests $264,444.59 in its amended bill of costs. BASF argues in the event that the court denies BASF's request to deny the bills of costs in their entirety, which this court has done, then in the alternative Great American's award for costs relating to appellate bond premiums should be reduced by $111,335.17 and that Great American's award for trial-related costs should be reduced by $8,780.73. In BASF's alternative argument, BASF therefore has not contested the appropriateness of the remaining $144,328.69 requested by Great American. In regards to the $144,328.69 in costs, which is uncontested by BASF as indicated above, Great American has provided sufficient documentation concerning the costs, and we find the costs to be recoverable and reasonable. We will discuss the contested amounts below.

### A. Appellate Bond Costs

BASF argues that Great American's award for costs of $222,670.34 relating to appellate bond premiums should be reduced by $111,335.17. BASF argues that it would be unfair to tax BASF for the costs requested by Great American relating to the appellate bond premiums paid by Defendants. As indicated above, a party can recover costs incurred relating to an appellate bond. *Republic Tobacco Co.*, 481 F.3d at 448. Also, as indicated above in regard to Federal, BASF has not provided to the court a legitimate reason to decline awarding Great American a certain portion of the costs for appellate bonds. Great American has provided sufficient documentation for its costs relating to the appellate bonds and Great American has shown that such costs are recoverable and reasonable. Thus, we find that Great American can recover the contested costs of $111,335.17 for premiums on appellate bonds, in addition to the uncontested costs as indicated above.

### B. Costs Relating to Witnesses

BASF objects to $1,840.66 sought by Great American for the service fees related to witnesses that BASF contends were barred by a protective order. BASF also objects to $1,947.89 for costs relating to the depositions of certain witnesses,

13

$2,933.15 for deposition costs relating to the depositions of Defendants' withdrawn expert witnesses, and $423.30 in expenses relating to the expert witnesses. However, as indicated above in regard to Federal, Defendants have shown that expenses relating to such witnesses were reasonable and necessary. Great American has provided sufficient documentation concerning the $7,145.00 in costs and we find that the costs are recoverable are reasonable.

### C. Additional Witness Fees

BASF objects to the following fees relating to Great American's witnesses: (1) $430 for 16 Min-U-Scripts, (2) $420 for 14 Administrative Fees, (3) $70 for 2 E-Transcripts, (4) $373.50 in ASCII expenses in relation to witnesses, (5) $255.35 for the portion of the service fees claimed for subpoenas to all witnesses, which exceeded the maximum allowable $40 service fee per subpoena, and (6) $86.88 for charges for photocopying deposition transcripts. As indicated above, costs related to materials such as Min-U-Scripts, ASCII diskettes, and administrative fees are generally not recoverable unless the movant shows that they were reasonably necessary for the litigation. Great American has offered only vague explanations concerning why such costs were necessary and reasonable and therefore, we decline to award Great American such costs totaling $1,635.73.

Based on the above, we award Great American the uncontested $144,328.69 in costs. We also award Great American the $111,335.17, relating to appellate bond premiums, which was contested. We also award Great American $7,145.00 in trial-related costs. The total award to Great American in costs is $262,808.86.

IV. Westchester's Amended Bill of Costs

Westchester requests $578,693.06 in its amended bill of costs. BASF argues in the event that the court denies BASF's request to deny the bills of costs in their entirety, which this court has done, then in the alternative, Westchester's award for costs relating to appellate bond premiums should be reduced by $260,989.17. In addition, BASF requests that certain portions of Westchester's request for trial-related costs should be stricken. The amounts that BASF has requested be stricken are $2,117.87 and $255.35 for fees for service of subpoenas, $2,860.25 and $2,954.24 for deposition transcripts, $375 for Min-U-Scripts, $450 for Administrative Fees, $105 for E-Transcripts, $373.50 for ASCII expenses, $763.94 for witness fees, $90 and $72.90 for photocopying fees. The total amount therefore that BASF has requested to be stricken is $10,418.05. In accordance with BASF's alternative argument, BASF therefore has not contested the appropriateness of the remaining $307,285.84 requested by Westchester. In regards to the $307,285.84 in

15

costs, which is uncontested by BASF as indicated above, Westchester has provided sufficient documentation concerning the costs, and we find the costs to be recoverable and reasonable. We will discuss the contested amounts below.

### A. Appellate Bond Costs

BASF argues that Westchester's award for costs of $521,978.33 relating to appellate bond premiums should be reduced by $260,989.17. BASF argues that it would be unfair to tax BASF for the costs requested by Westchester relating to the appellate bond premiums paid by Defendants. BASF argues in the event that the court denies BASF's request to deny the bills of costs in their entirety, which this court has done, then in the alternative, Westchester's award for costs relating to appellate bond premiums should be reduced by $260,989.17. BASF argues that it would be unfair to tax BASF for costs requested by Westchester relating to the appellate bond premiums paid by Defendants. As indicated above, a party can recover costs incurred relating to an appellate bond. *Republic Tobacco Co.*, 481 F.3d at 448. Also, as indicated above in regard to Federal, BASF has not provided to the court a legitimate reason to decline awarding Westchester a certain portion of the costs for appellate bonds. Westchester has provided sufficient documentation for its costs relating to the appellate bonds and Westchester has shown that such costs are

recoverable and reasonable. Thus, we find that Westchester can recover the contested costs of $260,989.17 for premiums on appellate bonds, in addition to the uncontested costs as indicated above.

B. Costs Relating to Witnesses

BASF objects to $2,117.87 sought by Westchester for the service fees related to witnesses that BASF contends were barred by a protective order. BASF also objects to $2,954.24 for costs relating to the depositions of certain witnesses, $2,860.25 for deposition costs relating to the depositions of Defendants' withdrawn expert witnesses and $763.94 in expenses relating to the expert witnesses. However, as indicated above in regard to Federal, Defendants have shown that expenses relating to such witnesses were reasonable and necessary. Westchester has provided sufficient documentation concerning the contested costs above totaling $8,696.30 and we find that the costs are recoverable and reasonable.

C. Additional Witness Fees

In addition to the above, BASF objects to the following fees relating to Westchester's witnesses: (1) $375 for 15 Min-U-Scripts, (2) $450 for 15 Administrative Fees, (3) $105 for 3 E-Transcripts, (4) $373.50 in ASCII expenses in

17

relation to witnesses, (5) $255.35 for the portion of the service fees claimed for subpoenas to all witnesses, which exceeded the maximum allowable $40 service fee per subpoena, (6) $162.90 for charges for photocopying deposition transcripts. As indicated above, costs related to materials such as Min-U-Scripts, ASCII diskettes, and administrative fees are generally not recoverable unless the movant shows that they were reasonably necessary for the litigation. Westchester has offered only vague explanations concerning why such costs were necessary and reasonable and therefore, we decline to award Westchester the above-referenced costs totaling $1,721.75.

Based on the above, we award Westchester $521,978.33 for costs relating to appellate bond premiums. We also award Westchester $54,992.98 in trial-related costs. We decline to award Westchester $1,721.75 in trial-related costs. The total award to Westchester in costs is $576,971.31.

## CONCLUSION

Based on the foregoing analysis we award Federal $851,448.50 in costs, we award Great American $262,808.86 in costs, and we award Westchester $576,971.31 in costs.

						_____
						Samuel Der-Yeghiayan
						United States District Court Judge

Dated:   January 29, 2009